# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| STEPHANIE MICHELLE OLLIS, | Case No. 1:18-cv-331 |
| Plaintiff, | Black, J. |
| | Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff Stephanie Michelle Ollis filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

### I. Summary of Administrative Record

This is Plaintiff's second application for and second denial of Supplemental Security Income (SSI). Plaintiff previously filed for SSI on August 19, 2011 (Tr. 11). After Plaintiff's first claim was denied initially and upon reconsideration, Plaintiff requested a hearing *de novo* before an ALJ. *Id.* ALJ Kenneth Wilson found Plaintiff was not disabled, a finding that is controlling in subsequent, unadjudicated periods unless there is a new and material evidence or a showing of "changed circumstances." (Tr. 11, quoting *Drummond v. Commissioner of Social Security,* 126 F.3d 837 (6th Cir. 1990)).

1

In February 2015, Plaintiff filed for Supplemental Security Income alleging a disability onset date of November 30, 2009 (Tr. 11). After Plaintiff's claims were denied initially and upon reconsideration, Plaintiff requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On June 16, 2016, ALJ William Diggs held a hearing at which Plaintiff appeared with a non-attorney representative. The ALJ heard testimony from Plaintiff and an impartial vocational expert. *Id.* In August 2017, the ALJ considered the record from Plaintiff's previous SSI application and all subsequent evidence, and finally determined that Plaintiff was not under a disability as defined by the Social Security Act (Tr. 11-22). The Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff now seeks judicial review of this second denial of benefits.

Plaintiff was 43-years-old on the date her application was filed (Tr. 20). Plaintiff has at least a high school education and is able to communicate in English (Tr. 20). Plaintiff has stated that she was living in an apartment with a friend, drives to appointments, and attends to her self-care (Tr. 19). Plaintiff has stated that she was responsible for raising her young grandchildren in March 2016, and can perform a number of daily activities including managing money, watching TV every day, reading, and grocery shopping weekly. *Id.*

Plaintiff has past relevant work including work as an administrative assistant (skilled work performed at the sedentary exertional level); a tax preparer (semiskilled work performed at the sedentary exertional level); and medical billing (semiskilled work performed at the sedentary exertional level). (Tr. 20).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "major joint dysfunction, affective

disorder, attention deficit disorder/attention deficit hyperactivity disorder, osteoarthritis and allied disorders, and obesity." (Tr. 13). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. (Tr. 14). The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> She could lift ten pounds occasionally and less than ten pounds frequently. She is able to push and pull up to ten pounds. She is able to stand and/or walk four hours in an eight-hour workday, and sit for six hours in an eight-hour workday. She would require a sit/stand option with the ability to alternate between sitting and standing three times during the workday for three to five minutes per occasion. She could frequently climb ramps and stairs, no more than two stories on one occasion. She could occasionally stoop, crouch, and crawl. She could frequently engage in fingering with the left, dominant hand; and occasionally with the right, non-dominant hand. She is limited to occasional overhead reaching. She has no limitation with respect to gross manipulation. She should avoid dangerous moving machinery and unprotected heights due to episodes of dizziness. She has no visual or communicative limitations. She can understand, remember, and carry out simple, detailed, and complex instructions. She can maintain attention and concentration for two-hour periods in an eight-hour workday with normal breaks. She is able to interact appropriately with coworkers and supervisors. She should have no more than occasional general public contact. She could adapt to changes in the work setting.

(Tr. 16). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is unable to perform any past relevant work. (Tr. 20). However, there are jobs that exist in significant numbers in the national economy that she can perform, including such jobs as security monitor, call out operator, and order clerk (Tr. 21). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) failing to find the new evidence of record was material, which could warrant a finding different than that made in the decision on the prior claim; 2) failing to find Plaintiff's fibromyalgia a severe impairment; and 3) weighing the opinion evidence of record. Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a

4

whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period,

5

he or she suffered impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's decision is supported by Substantial evidence**

*1. New Evidence*

Plaintiff previously filed an application for SSI benefits on August 19, 2011. The ALJ issued an unfavorable decision on September 24, 2013 finding Plaintiff could do less than a full range of work at the sedentary exertional level. (Tr. 56-72). In this current claim, the ALJ applied AR 98-4(6) finding that new evidence existed; however, it was not material and did not warrant a departure from ALJ Wilson's RFC from the prior decision (Tr. 11, 21).

The Commissioner issued AR 98-4(6) in response to *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997). In *Drummond*, the Sixth Circuit held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent a change in circumstances." *Id.* at 842. AR 98-4(6) instructs that when an ALJ is considering a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim, the ALJ must adopt the finding from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period, unless there is new and material evidence relating to a finding. *See* AR 98-4(6). The Sixth Circuit recently issued a decision in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018), which clarified its prior decision in *Drummond*. The court did not overrule *Drummond*. In

*Earley*, the court indicated, *inter alia,* that ALJs are permitted to review prior ALJ findings, but are not bound by those prior findings. 893 F.3d at 934.

The current ALJ determined that while Plaintiff submitted new evidence, it was not material to warrant a departure from the functional limitations imposed by the prior ALJ in his RFC finding. (Tr. 11-12, 20). Although the ALJ adopted the same RFC as the prior ALJ, the ALJ satisfied the principles set forth in *Earley*. The ALJ determined Plaintiff's residual functional capacity (RFC) by considering the prior evidence, the prior ALJ's decision, and the later submitted evidence.

Plaintiff contends that the new evidence of record is material and warrants a departure from the RFC established in the prior decision. Since the prior ALJ's decision in September 2013, Plaintiff's physical impairments continued to deteriorate. Notably, since the prior decision, Plaintiff has been diagnosed with fibromyalgia, rheumatoid arthritis, urge incontinence and SI nerve root impingement, underwent cervical fusion surgery and requires a right total knee replacement. Plaintiff argues that this new evidence was clearly material and requires a departure from the prior decision. Plaintiff's contention is unavailing. It is well established that a mere diagnosis or catalogue of symptoms does not indicate functional limitations caused by the impairment. *See Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146,151 (6th Cir. 1990) (diagnosis of impairment does not indicate severity of impairment). *Bowen v. Comm'r of Soc. Sec.*, No. 1:17-CV-807, 2019 WL 396404, at *4 (S.D. Ohio Jan. 31, 2019), *report and recommendation adopted,* No. 1:17CV807, 2019 WL 858773 (S.D. Ohio Feb. 22, 2019).

Here, the ALJ concluded that Plaintiff's examination findings did not reveal debilitating symptoms. (Tr. 17). For example, the ALJ considered that, although physical examinations demonstrated that Plaintiff had generalized tenderness with multiple tender points, bilateral hand swelling and stiffness and some decreased range of motion of the spine, they also demonstrated many normal findings, including normal coordination, normal muscle tone, normal reflexes and no cranial nerve deficit (Tr. 17, see, e.g., Tr. 349-50, 372, 833-34, 1060-61, 1077-79, 1094-96, 1135, 1144-45, 1157-58, 1199-1200, 1210, 1545, 2126-27). The ALJ noted that examinations demonstrated normal range of motion, normal gait with no assistive device, normal coordination with no clubbing, cyanosis or edema and an ability to move all four extremities with no joint deformity (Tr. 17, 354, 1165, 1175, 1519). The ALJ acknowledged that Plaintiff's diagnostic testing revealed some abnormalities and noted that the September 2015 lumbar MRI revealed small disc extrusion/herniation with associated nerve root impingement (Tr. 17, 824).

The ALJ also considered that Plaintiff testified to very limited activities and current use of a cane but noted that she was still able to perform some activities that were consistent with the ability to perform the very limited range of sedentary work he found (Tr. 18, 19). The ALJ reasonably concluded that although new evidence existed, it did not warrant a departure from the prior ALJ's RFC (Tr. 20). Accordingly, the ALJ's decision is substantially supported in this regard and should not be disturbed.

*2. Fibromyalgia*

Plaintiff argues next that the ALJ failed to find that her fibromyalgia was a severe impairment.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 C.F.R. § 404.1521(b). Plaintiff is not required to establish total disability at this level of the sequential evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. *Gist v. Secretary of H.H.S.*, 736 F.2d 352, 357 (6th Cir.1984).

An impairment will be considered non-severe only if it is a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Secretary of H.H.S.*, 773 F.2d 85, 90 (6th Cir.1985) (citing *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984)). The severity requirement is a "de minimus hurdle" in the sequential evaluation process. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988*).* *See also Rogers v. Commissioner*, 486 F.3d 234, 243 n. 2 (6th Cir.2007). The regulations define a severe impairment or combination of impairments as one that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). In the physical context, this means a significant limitation on a claimant's ability to walk, stand, sit, lift, push, pull, reach, carry or handle. 20 C.F.R. § 416.921(b)(1).

An ALJ's failure to find an impairment to be severe does not constitute reversible error where the ALJ determined that a claimant has at least one other severe impairment and properly considered all of the claimant's impairments, both severe and non-severe, in determining whether the claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity. M*aziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir.1987).

Here, the ALJ found that Plaintiff had the following severe impairments: "major joint dysfunction, affective disorder, attention deficit disorder/attention deficit hyperactivity disorder, osteoarthritis and allied disorders, and obesity, and then proceeded through the five-step sequential analysis. Even if there was an error, then, the ALJ's failure to consider any of the three conditions as "severe" at Step 2 of the sequential analysis will not necessarily require reversal or remand. Notably, the regulations require that if one "severe" impairment exists, all impairments-severe or otherwise-must be considered in the remaining steps of the sequential analysis. 20 C.F.R. §§ 404.1523, 416.923, 404.1545(e). Thus, where an ALJ errs in finding a particular impairment "non-severe" in step two of the analysis, the error is harmless if the ALJ finds at least one severe impairment and continues to address each impairment in determining the claimant's RFC. *Meadows v. Comm'r of Soc. Sec.*, No. 1:07cv1010, 2008 WL 4911243, at *13 (S.D. Ohio 2008) (citing *Maziarz v. Secy of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Here, as detailed above, the ALJ's decision indicates that he properly considered and addressed all of Plaintiff's severe and non-severe impairments in determining his RFC.

Furthermore, the fact that the ALJ's decision does not mention fibromyalgia does not call into question the ALJ's decision. Notably, ["i]t is well settled that 'an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.' " *Kornecky v. Comm'r of Soc. Sec.,* 167 F. App'x 496, 507–08, 2006 WL 305648, *8–9 (6th Cir. Feb.9, 2006). Additionally "a diagnosis of fibromyalgia does not automatically entitle" a claimant "to disability benefits." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805–06 (6th Cir.2008) (declining to find disability from one-time diagnosis of fibromyalgia which subsequently improved or was stable). Here, Plaintiff fails to identify any functional limitations associated with fibromyalgia. Accordingly, Plaintiff's contention is not well-taken in this regard.

    *3.Opinion Evidence*

Plaintiff argues that the ALJ erred by rejecting the opinions of her treating primary care physician, Juanita Gaines, M.D. (Pl. Br. 16-17). Plaintiff argues that the ALJ failed to give deference or controlling weight to her opinions, and alleges that the ALJ erred by giving more weight to the state agency physician's opinion. Id. Plaintiff's contentions lack merit.

In evaluating the opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.' " *Blakley v. Commissioner Of Social Sec.,* 581 F.3d 399, 406 (6th Cir.2009) (quoting *Wilson v. Commissioner,* 378 F.3d 541, 544 (6th Cir.2004). If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of

factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Wilson,* 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2).

Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *but see Tilley v. Comm'r of Soc. Sec.,* No. 09–6081, 2010 WL 3521928, at *6 (6th Cir. Aug.31, 2010) (indicating that, under *Blakely* and the good reason rule, an ALJ is not required to explicitly address all of the six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence within the written decision).

As such, the opinions of treating and examining sources are generally entitled to more weight than opinions of consulting and non-examining sources. 20 C.F.R. § 404.1527(d); *see also West v. Comm'r Soc. Sec. Admin.,* 240 Fed. Appx. 692, 696 (6th Cir.2007) (citing *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524, 536 (6th Cir.1981)) ("[R]eports from treating physicians generally are given more weight than reports from consulting physicians ...."). However, an ALJ need not credit a treating physician opinion that is conclusory and unsupported. *See Anderson v. Comm'r Soc. Sec.,* 195 Fed. Appx. 366, 370 (6th Cir.2006) ("The ALJ concluded, properly in our view, that the [treating physician's] treatment notes did not support and were inconsistent with his conclusory assertion that appellant was disabled."); *see also Kidd v. Comm'r of Soc. Sec.,* 283 Fed. Appx. 336, 340 (6th Cir.2008) (citing *Cutlip v. Sec'y of Health & Human*

*Servs.,* 25 F.3d 284, 287 (6th Cir.1994)) (holding that an ALJ need not credit a treating physician's conclusory opinions that are inconsistent with other evidence).

Here, in formulating Plaintiff's RFC, the ALJ gave significant weight to the findings of the state agency consultants, who reviewed the current medical record and affirmed the RFC finding from the initial determination that Plaintiff was capable of performing a range of sedentary work. The ALJ assigned some weight to the findings of Dr. Minhas and Dr. Gaines, both treating sources.

Dr. Gaines is Plaintiff's primary care physician and has been treating Plaintiff since at least 2013. As such, Plaintiff contends that Dr. Gaines findings should have been entitled to deference. Notably, in 2015 and 2016, Dr. Gaines opined*, inter alia*, that Plaintiff was unable to squat, lift, climb, do overhead reaching, or sit, stand or walk for more than 15 minutes (see, e.g., R. 1158-59, 1199-1200, 1210, 1216-17). The ALJ, however, determined that Dr. Gaines' extreme limitations were not consistent with the overall medical evidence, including, the generally benign objective findings (Tr. 19).

In so concluding, the ALJ considered that on examination, despite having neck muscle spasm and limited flexion, generalized tenderness, swelling, tenderness and stiffness of bilateral hands, decreased lumbar spine range of motion and slow stiff gait, Dr. Gaines reported that Plaintiff had normal musculoskeletal range of motion, normal neurological examination with no cranial nerve deficit, normal muscle tone, reflexes and normal coordination (Tr. 17, 1157-58, 1199-1200, 1210, 1216-17). The ALJ also considered Plaintiff's daily activities, noting that she is able to perform a wide range of activities that are inconsistent with disability. Plaintiff was able to raise her young grandchildren, perform light housework, grocery shop, read and prepare meals. While

13

courts have questioned whether some daily activities really indicate that a Plaintiff is able to work outside of the house, an ALJ is allowed and indeed obligated by the regulations to consider whether a Plaintiff's daily activities are inconsistent with her stated functional abilities. See 20 C.F.R. § 404.1529(c) (recognizing that in assessing a claimant's allegations of pain and limitation, the ALJ must make a credibility finding based on both the objective medical evidence and other evidence in the entire case record). Here, the ALJ properly considered Plaintiff's daily activities in addition to several other factors, in assessing his RFC.

Although Plaintiff disagrees with the ALJ's characterization of the objective findings as "generally benign" and points to objective evidence that demonstrates some abnormalities (See Doc. 8 at 16), there were also objective findings that were generally normal (detailed above) including Dr. Gaines' own findings, which did not support her extreme limitations. As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Here, the ALJ's decision was not outside of the permissible "zone of choice" that grants ALJs discretion to make findings without "interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). This court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The court, however, may examine all the evidence in the record, regardless of whether such evidence was cited in the Commissioner's final decision. See Walker v. Sec'y of Health & Human Servs., 884 F.2d 241, 245 (6th Cir. 1989); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th

Cir. 2001). The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)

**III. Conclusion and Recommendation**

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

             *s/Stephanie K. Bowman*
             Stephanie K. Bowman
             United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

STEPHANIE MICHELLE OLLIS,            Case No. 1:18-cv-331

    Plaintiff,                                              Black, J.
                                                       Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).