# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE OLLIS, | : | Case No. 1:18-cv-331 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 12)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 6, 2019, submitted a Report and Recommendation. (Doc. 12). Plaintiff filed objections on August 20, 2019. (Doc. 13).

After reviewing the Report and Recommendation, Plaintiff's objections, and the case record, the Court finds that Plaintiff's objections are not well-taken. Plaintiff disagrees with the Magistrate Judge's finding that the ALJ's decision was supported by substantial evidence. (Doc. 13). First, Plaintiff contends that new evidence in the record, largely supplied by Dr. Gaines, demonstrates increased functional limitations. (*Id.* at 1-2). Plaintiff specifically asserts that the ALJ's reliance on exam findings related to neurological deficits, which Plaintiff was not alleging, was improper, as was the ALJ's

use of Plaintiff's testimony regarding her ability to perform daily activities in order to infer her capabilities for sustained work activity. (*Id.* at 2). Second, Plaintiff argues that the ALJ improperly failed to find Plaintiff's diagnosis of fibromyalgia to be a severe impairment, despite testimony from Dr. Gaines regarding certain functional limitations. (*Id.* at 3).

The Court finds that the Plaintiff's disagreements with the ALJ's findings are largely redundant of the arguments raised in Plaintiff's Statement of Specific Errors (Doc. 8), which were thoroughly addressed by the Magistrate Judge's Report and Recommendation. As the Report and Recommendation properly states, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (Doc. 12 at 4) (citing *Richard v. Perales*, 402 U.S. 389, 401 (1971)). Moreover, "[i]f substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability." (*Id.* at 5) (citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1978)).

A review of the Report and Recommendation and record demonstrates that the ALJ's finding that new evidence did not warrant a departure from Plaintiff's prior residual functional capacity ("RFC") was supported by "substantial evidence," including evidence which Plaintiff *does not* challenge in her objections. This evidence includes examinations demonstrating "normal range of motion, normal gait with no assistive device, normal coordination with no clubbing, cyanosis or edema and ability to move all

four extremities with no joint deformity." (Doc. 12 at 8). Accordingly, it is apparent that the ALJ's decision was supported by substantial evidence.

Secondly, Plaintiff criticizes the ALJ's failure to find functional limitations associated with fibromyalgia, citing to Dr. Gaines' findings of the following functional limitations: inability to squat, no climbing, inability to do overhead reaching, inability to type of do repetitive grasping, and unable to lift. However, as Plaintiff notes in her objections, these limitations were described in reference to Plaintiff's "multiple medical problems" *including* her diagnosis of fibromyalgia. (Doc. 13 at 3). Thus, this evidence does not call into question the ALJ's lack of a finding of functional limits related to fibromyalgia *in particular*. Moreover, as the Report and Recommendation notes, "[i]t is well settled that 'an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party," and "a diagnosis of fibromyalgia does not automatically entitle" a claimant "to disability benefits." (Doc. 12 at 11). Consequently, the Court agrees with the Report and Recommendation's finding that the ALJ's determination were supported by substantial evidence.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that Plaintiff's objections (Doc. 13) should be and are hereby **OVERRULED** and the Report and Recommendation (Doc. 12) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) The Commissioner's decision is **AFFIRMED**, as that decision is supported by substantial evidence;

2) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 9/28/2019 */s/ Timothy S. Black*
Timothy S. Black
United States District Judge